UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER RONDINELLI REILLY,
an individual,

        Plaintiff,

v.

LEGENDARY JOURNEYS, INC.,
ADRIAN L. FERGUSON, JR.,
an individual, and CHARLES T. SCOTT,
an individual,

        Defendants.

CASE NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jennifer Rondinelli Reilly, by and through his undersigned attorneys, states her claims against Defendant Legendary Journeys, Inc., Defendant Adrian L. Ferguson, Jr., and Defendant Charles T. Scott (collectively, the "Defendants"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Reilly ("Reilly") is a professional photographer who resides in Waukesha, Wisconsin. As part of her profession, Reilly licenses reproduction, display, and distribution rights of her photographs.

2. Defendant Legendary Journeys, Inc. ("LJI") is a for-profit corporation organized and existing under the laws of the State of Florida, with its principal place of business at 3474 17th Street, Sarasota, Florida, 34235. LJI may be served through its registered agent, Al Ferguson, at 425 Parkview Drive, Sarasota, Florida, 34243.

1

3. Upon information and belief, Defendant Adrian L. Ferguson ("Ferguson") is an individual residing in Sarasota, Florida. Upon information and belief, Ferguson is the President of LJI. Ferguson may be served at 425 Parkview Drive, Sarasota, Florida, 34243.

4. Upon information and belief, Defendant Charles T. Scott ("Scott") is an individual residing in Sarasota, Florida. Upon information and belief, Scott is the Vice President of LJI. Scott may be served at 425 Parkview Drive, Sarasota, Florida, 34243

5. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

6. This Court has persoual jurisdiction over LJI by virtue of its presence in this District and by virtue of its transacting, doing, and soliciting business in this District.

7. Veuue is proper under 28 U.S.C. §§ 1391 (b)(1), (c), and (d) and 1400(a).

## FACTUAL BACKGROUND

8. On October 19, 2013, Reilly created and was the sole author of the photograph shown below:



(the "Photograph").

9. Beginning on February 12, 2015, Reilly displayed the Photograph on her Fine Art America page at https://fineartamerica.com/featured/california-seal-lionson-pier-39-san-francisco-the-vault-jennifer-rondinelli-reilly.html and on her portfolio website at http://jenrondinellireilly.photoshelter.com/gallery-image/Pier-39/G0000o5OyytVfdjs/I0000Fop7BYkUwlE/C0000CFY8a_FkASo.

10. Reilly registered the Photograph with the U.S. Copyright Office, which issued Certificate of Registration number VA 2-011-696 with an effective date of May 5, 2015. please see attached the Certificate Registration marked as **Exhibit "A"**.

11. Reilly has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as amended, and all other laws and regulations governing the copyrights to the Photograph.

12. Reilly posted her name and copyright notice as a watermark on the Photograph on her website, reading "© JENNIFER RONDINELLI REILLY, JRRPHOTO.COM" (the "Watermark").

13. Reilly posted her name and copyright notice adjacent to the Photograph on her website, reading "© 2015 Jennifer Rondinelli Reilly. All Rights Reserved. NO USE WIITHOUT PERMISSION," and "Photo Copyright 2015 Jennifer Rondinelli Reilly. All Rights reserved. NO USE WITHOUT WRITTEN PERMISSION" (together the "Attributions").

14. Upon information and belief, LJI owns and operates the website located at http://www.alandchuck.travel (the "Website").

15. In September 2015, Reilly discovered that the Defendants had reproduced and displayed the Photograph on the Website at:

- http://www.alandchuck.travel/trips/trip_z_travel_guide_to_california.php; and
- http://www.alandchuck.travel/trips/headers/travel_guide_california_pier_39_seals.jpg

as shown in part below:





16. The Defendants' use of the Photograph was for the commercial promotion of LJI's business on the Website, which creates and sells vacations for targeted audiences.

17. Reilly did not license or otherwise authorize the Defendants to reproduce, display, or distribute her Photograph on the Website.

18. The Defendants cropped the Photograph so as to remove the Watermark before reproducing and displaying it on the Website.

19. The Defendants also removed the Attribution before reproducing and displaying the Photograph on the Website.

20. The Defendants reproduced, displayed, and distributed the Photograph on the Website without any attribution to Reilly.

21. Upon information and belief, the Defendants gained a direct financial benefit from the direct infringement of the Photograph.

22. Upon information and belief, Defendants Ferguson and Scott had both the legal right and the ability to stop direct infringement of the Photograph.

23. Upon information and belief, Defendant Ferguson and Scott gained a direct financial benefit from the direct infringement of the Photograph.

24. Defendants knew of their possession of specific infringing material but failed to purge such material.

25. The Photograph in perspective, orientation, positioning, lighting and other details is entirely original, distinctive, and unique. As such, the Photograph is subject matter protectable under the Copyright Act.

26. On information and belief, the Defendants had access to the Photograph through Reilly's display of the Photograph on her websites.

27. On October 5, 2015, Reilly, through her attorney, sent a letter to LJI and Ferguson giving notice that the reproduction, display, and distribution of the Photograph on the Website was unauthorized and asking the Defendants to cease any use of the Photograph.

28. Despite multiple attempts by Reilly to discuss resolving her claims outside of litigation, the Defendants refused to participate in settlement discussions.

## FIRST CAUSE OF ACTION

Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

29. Reilly re-alleges and incorporates by reference paragraphs 1 through 28 above.

30. The Defendants violated Reilly's exclusive rights granted in 17 U.S.C. § 106, specifically her exclusive rights to: (1) reproduce the copyrighted work in copies; (2) prepare derivative works based on the copyrighted work; (3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (4) display the copyrighted work publicly.

31. As Reilly first publicly displayed the Photograph on February 12, 2015, and the unauthorized use by the Defendants began sometime after that, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

32. As a direct and proximate result of its wrongful conduct, the Defendants have realized and continues to realize profits and other benefits rightfully belonging to Reilly for the Photograph. Accordingly, Reilly is entitled to and seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

33. In the alternative, Reilly is entitled to and seeks statutory damages for the Defendants' infringement of the Photograph, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

34. The infringement by the Defendants was willful and performed with knowledge that the reproduction, display, and distribution of the Photograph was unauthorized; Reilly is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504 (c)(2).

35. Despite Defendants' knowledge that the display of the Photograph on the Website was an unauthorized reproduction, display, and distribution of the Photograph, Defendants each induced, caused, and materially contributed to the direct copyright infringements, making them contributorily liable for the other Defendants' infringements.

36. As Defendants knew of their possession of specific infringing material but failed to purge such material, Defendants each contributed to the direct infringement by the other Defendants, making them contributorily liable for the infringements.

37. As Defendants Ferguson and Scott had both the legal right and ability to stop and gained a direct financial benefit from the unauthorized reproduction, display, and distribution of the Photograph, they are each vicariously liable for the infringements of the Photograph.

## SECOND CAUSE OF ACTION

Digital Millennium Copyright Act Violations – 17 U.S.C. §§ 1201 *et seq.*

38. Reilly re-alleges and incorporates by reference paragraphs 1 through 28 above.

39. The Watermark and the Attributions constitute copyright management information pursuant to 17 U.S.C. § 1202(c)(1),(2), (3), (6), and (7).

40. Upon information and belief, the Defendants, without the authority of Reilly or the law, intentionally removed the copyright notices and distributed the Photograph, knowing that the copyright notices had been removed or altered, knowing or having reasonable grounds to know that such removal or alteration would induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

7

41. As a direct and proximate result of the Defendants' wrongful conduct, Reilly has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

42. Specifically, Reilly is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2).

43. In the alternative, Reilly is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4-5) for each violative act by the Defendants.

44. Despite Defendants' knowledge that the infringements were unauthorized reproductions, displays, and distributions of the Photograph, each of the Defendants induced, caused, and materially contributed to the continued violations of 17 U.S.C. § 1202(b), making the Defendants contributorily liable for those violations.

45. As Defendants had both the legal right and the ability to stop and gained a direct financial benefit from the continued violations of 17 U.S.C. § 1202(b), the Defendants are vicariously liable for those violations.

## PRAYER FOR RELIEF

WHEREFORE Reilly prays that this Honorable Court:

1. Order that the Defendants' unauthorized conduct violates Reilly's rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2. Order the Defendants to account and pay to Reilly all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the Defendants' infringement of the Photograph; alternatively, maximum statutory damages in the amount of $30,000 for the infringement of the Photograph

      pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

3. Award Reilly maximum statutory damages in the amount of $150,000 for the Defendants' infringement of Reilly's copyrights in the Photograph pursuant to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4. Order that Defendants are contributorily liable for the direct infringements of Reilly's copyrights in the Photograph;

5. Order that Defendants are vicariously liable for the direct infringements of Reilly's copyrights in the Photograph;

6. Award Reilly actual damages suffered and profits for each violation of 17 U.S.C. § 1202 (a) and (b), pursuant to 17 U.S.C. § 1203(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

7. Award Reilly maximum statutory damages in the amount of $25,000 for each violation of 17 U.S.C. § 1202 (a) and (b) pursuant to 17 U.S.C. § 1203(c)(3)(B); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

8. Order the Defendants to pay Reilly her costs of litigation and reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203;

9. Order that Defendants are contributorily liable for the violations of 17 U.S.C. § 1202(b);

10. Order that Defendants are vicariously liable for the violations of 17 U.S.C. § 1202(b);

11. Order the Defendants to deliver to Reilly all copies of the Photograph and all other materials containing such infringing copies of the Photograph in its possession, custody or control;

12. Order the Defendants, their agents, and servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of Reilly in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photograph; and

13. Order such other and further relief as this Honorable Court deems just and equitable.

**Plaintiff Reilly demands a jury trial on all of the foregoing counts.**

This 23 day of June, 2017.

*s/ Stephen D. Milbrath*
**Stephen D. Milbrath**
Florida Bar No. 239194
**J. Carlos Real**
Florida Bar No. 012869
**BYRD CAMPBELL, P.A.**
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: SMilbrath@ByrdCampbell.com
Primary Email: CReal@ByrdCampbell.com
Secondary Email: AChastain@ByrdCampbell.com
Secondary Email: EOrtiz@ByrdCampbell.com
*Attorneys for Plaintiff*

*s/ Evan A. Andersen*
**Evan A. Andersen**
Georgia Bar No. 377422
**EVAN ANDERSEN LAW, LLC.**
P.O. Box 260147
Atlanta, GA 31126
Telephone: (404) 496-6606
Primary: evan@pixelliplaw.com

# Exhibit "A"

# Exhibit "A"

## Copyright Claimant

**Copyright Claimant:** Jennifer Rondinelli Reilly
1919 Swartz Drive, Waukesha, WI 53188, United States

## Rights and Permissions

**Name:** Jennifer Rondinelli Reilly
**Email:** jen@jrrphoto.com
**Telephone:** (414)915-7601
**Address:** 1919 Swartz Drive
Waukesha, WI 53188 United States

## Certification

**Name:** Jennifer Rondinelli Reilly
**Date:** May 05, 2015

**Correspondence:** Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 2-011-696**

**Effective Date of Registration:**
May 05, 2015

## Title

| | |
|---|---|
| **Title of Work:** | Group Registration of Photos: 59 photos Range of Publication Dates Feb 2 2015 to April 27 2015 |
| **Content Title:** | Aquatic Park Cove 1 image published April 12 2015 |
| | Battery Mendell 13 images published March 10 2015 |
| | Battery Spencer 2 images published April 27 2015 |
| | Bird Island 1 image published March 26 2015 |
| | Biscuit and Buster 1 image published April 3 2015 |
| | Golden Gate Bridge 5 images published February 19 2015 |
| | Marin Headlands 2 images published March 26 2015 |
| | Muir Woods 4 images published April 13 2015 |
| | Pier 39 12 images published February 12 2015 |
| | Point Bonita Lighthouse 12 images published January 16 2015 |
| | South Rodeo Beach 4 images published March 24 2015 |
| | Wehr Nature Center 2 images published February 2 2015 |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2015 |
| **Date of 1st Publication:** | February 02, 2015 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Jennifer Rondinelli Reilly |
| **Author Created:** | photograph |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Year Born:** | 1977 |

Page 1 of 2