# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## CASE NO. 8:17-CV-01524

JENNIFER RONDINELLI REILLY,

    Plaintiff,

v.

ADRIAN L. FERGUSON, JR.; CHARLES
T. SCOTT, and LEGENDARY JOURNEYS,
INC.,

    Defendants.
_____/

## ANSWER

Defendants, ADRIAN L. FERGUSON, JR.; CHARLES T. SCOTT, and LEGENDARY JOURNEYS, INC., answers JENNIFER RONDINELLI REILLY's complaint and states:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Reilly ("Reilly") is a professional photographer who resides in Waukesha, Wisconsin. As part of her profession, Reilly licenses reproduction, display, and distribution rights of her photographs.

**ANSWER**: Without knowledge and therefore denied.

2. Defendant Legendary Journeys, Inc. ("LJI") is a for-profit corporation organized and existing under the laws of the State of Florida, with its principal place of business at 3474 17th Street, Sarasota, Florida, 34235.  LJI may be served through its registered agent, Al Ferguson, at 425 Parkview Drive, Sarasota, Florida, 34243.

**ANSWER**: Admit.

3. Upon information and belief, Defendant Adrian L. Ferguson ("Ferguson") is an individual residing in Sarasota, Florida. Upon information and belief, Ferguson is the President of LJI. Ferguson may be served at 425 Parkview Drive, Sarasota, Florida, 34243.

**ANSWER**: Admit that Adrian L. Ferguson ("Ferguson") is an individual residing in Sarasota, Florida who is the President of Legendary Journeys, Inc. ("LJI"). Admit that Ferguson may be personally served pursuant to Florida statutes at 425 Parkview Drive, Sarasota, Florida, 34242.

4. Upon information and belief, Defendant Charles T. Scott ("Scott") is an individual residing in Sarasota, Florida. Upon information and belief, Scott is the Vice President of LJI. Scott may be served at 425 Parkview Drive, Sarasota, Florida, 34243.

**ANSWER**: Admit that Charles T. Scott ("Scott") is an individual residing in Sarasota, Florida who is the Vice President of LJI. Admit that Scott may be personally served pursuant to Florida statutes at 425 Parkview Drive, Sarasota, Florida, 34242.

5. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

**ANSWER**: Admit that Plaintiff's claims allegedly arise under 17 U.S.C. Section 101, et seq. Without knowledge regarding the remaining allegations therefore denied.

6. This Court has personal jurisdiction over LJI by virtue of its presence in this District and by virtue of its transacting, doing, and soliciting business in this District.

**ANSWER**: Admit for jurisdictional purposes only.

7. Venue is proper under 28 U.S.C. §§ 1391 (b)(l), (c), and (d) and 1400(a).

**ANSWER**: Admit for venue purposes only.

**FACTUAL BACKGROUND**

8. On October 19, 2013, Reilly created and was the sole author of the photograph shown below:



(the "Photograph").

**ANSWER**: Without knowledge therefore denied.

9. Beginning on February 12, 2015, Reilly displayed the Photograph on her Fine Art America page at https://fineartamerica.com/featured/california-seal-lionson-pier-39-san-francisco-the-vault-jennifer-rondinelli-reilly.html and on her portfolio website at bttp://jenrondinellireilly.photoshelter.com/gallery-image/Pier-39/G0000o50yytVfdjs/I0000Fop7BYkUwlE/C0000CFY8A_FkASo.

**ANSWER**: Without knowledge therefore denied.

10. Reilly registered the Photograph with the U.S. Copyright Office, which issued Certificate of Registration number VA 2-011-696 with an effective date of May 5, 2015. please see attached the Certificate Registration marked as **Exhibit" A"**.

3

**ANSWER**: Admit that a Certificate of Registration, number VA 2-011-696, with an effective date of May 5, 2015, is attached at Exhibit "A." Without knowledge as to the remaining allegations therefore denied.

11. Reilly has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*., as amended, and all other laws and regulations governing the copyrights to the Photograph.

**ANSWER**: Without knowledge therefore denied.

12. Reilly posted her name and copyright notice as a watermark on the Photograph on her website, reading "© JENNIFER RONDINELLI REILLY, JRRPHOTO.COM" (the "Watermark").

**ANSWER**: Without knowledge therefore denied.

13. Reilly posted her name and copyright notice adjacent to the Photograph on her website, reading "© 2015 Jennifer Rondinelli Reilly. All Rights Reserved. NO USE WIITHOUT PERMISSION," and "'Photo Copyright 2015 Jennifer Rondinelli Reilly. All Rights reserved. NO USE WITHOUT WRITTEN PERMISSION" (together the "Attributions").

**ANSWER**: Without knowledge therefore denied.

14. Upon information and belief, LJI owns and operates the website located at http://www.alandchuck.travel (the "Website").

**ANSWER**: Admit.

15. In September 2015, Reilly discovered that the Defendants had reproduced and displayed the Photograph on the Website at:

- http://www.a1andchuck.travel/trips/trip_z_travel_guide_to_california.php; and

• http://www.alandchuck.travel/trips/headers/travel_guide_califomia_pier_39_seals.jpg

as shown in part below:





**ANSWER**: Without knowledge as to when Reilly discovered the alleged reproduction of the Photograph therefore denied. Admit that a photograph depicting Pier 39 in San Francisco appeared on LJI's website.

16. The Defendants' use of the Photograph was for the commercial promotion of LJI's business on the Website, which creates and sells vacations for targeted audiences.

**ANSWER**: Denied.

17. Reilly did not license or otherwise authorize the Defendants to reproduce, display, or distribute her Photograph on the Website.

**ANSWER**: Admit that Plaintiff did not license or otherwise authorize the Defendants to reproduce, display or distribute the Photograph. Denied as to the remaining allegations.

18. The Defendants cropped the Photograph so as to remove the Watermark before reproducing and displaying it on the Website.

**ANSWER**: Denied.

19. The Defendants also removed the Attribution before reproducing and displaying the Photograph on the Website.

**ANSWER**: Denied.

20. The Defendants reproduced, displayed, and distributed the Photograph on the Website without any attribution to Reilly.

**ANSWER**: Denied.

21. Upon information and belief, the Defendants gained a direct financial benefit from the direct infringement of the Photograph.

**ANSWER**: Denied.

22. Upon information and belief, Defendants Ferguson and Scott had both the legal right and the ability to stop direct infringement of the Photograph.

**ANSWER**: Admit that Ferguson and Scott currently have a direct financial interest in LJI and have the right and ability to oversee the operation of LJI. Denied as to the remaining allegations.

23. Upon information and belief, Defendant Ferguson and Scott gained a direct financial benefit from the direct infringement of the Photograph.

**ANSWER**: Denied.

24. Defendants knew of their possession of specific infringing material but failed to purge such material.

**ANSWER**: Denied.

25. The Photograph in perspective, orientation, positioning, lighting and other details is entirely original, distinctive, and unique. As such, the Photograph is subject matter protectable under the Copyright Act.

**ANSWER**: Without knowledge therefore denied.

26. On information and belief: the Defendants had access to the Photograph through Reilly's display of the Photograph on her websites.

**ANSWER**: Denied.

27. On October 5, 2015, Reilly, through her attorney, sent a letter to LJI and Ferguson giving notice that the reproduction, display, and distribution of the Photograph on the Website was unauthorized and asking the Defendants to cease any use of the Photograph.

**ANSWER**: Admit that Defendants received an October 5, 2015, cease and desist letter from Plaintiff's attorney claiming that Reilly owned the Pier 39 photograph appearing on Defendants' website that was removed from Defendants' website pursuant to Plaintiff's attorneys' demand.

28.     Despite multiple attempts by Reilly to discuss resolving her claims outside of litigation, the Defendants refused to participate in settlement discussions.

**ANSWER**: Denied. Defendants complied with Plaintiff's attorney's demand to remove the Pier 39 photograph from its website, and upon doing so such communications ceased after Plaintiff's attorney erroneously claimed that another photograph on Defendants' website to which Plaintiff was not the photographer also violated Plaintiff's copyright calling into question the veracity all of Plaintiff's claims.

**FIRST CAUSE OF ACTION**
**Copyright Infringement - 17 U.S.C. §§ 101 *et seq*.**

29.     Reilly re-alleges and incorporates by reference paragraphs 1 through 28 above.

**ANSWER**: Defendants reallege and incorporate their responses to Paragraphs 1-28.

30.     The Defendants violated Reilly's exclusive rights granted in 17 U.S.C. § 106, specifically her exclusive rights to: (1) reproduce the copyrighted work in copies; (2) prepare derivative works based on the copyrighted work; (3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (4) display the copyrighted work publicly.

**ANSWER**: Denied.

31.     As Reilly first publicly displayed the Photograph on February 12, 2015, and the unauthorized use by the Defendants began sometime after that, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

**ANSWER**: Without knowledge therefore denied.

32.     As a direct and proximate result of its wrongful conduct, the Defendants have realized and continue to realize profits and other benefits rightfully belonging to Reilly for the

Photograph. Accordingly, Reilly is entitled to and seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

**ANSWER**: Denied.

33. In the alternative, Reilly is entitled to and seeks statutory damages for the Defendants' infringement of the Photograph, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

**ANSWER**: Without knowledge and therefore denied.

34. The infringement by the Defendants was willful and performed with knowledge that the reproduction, display, and distribution of the Photograph was unauthorized; Reilly is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504 (c)(2).

**ANSWER**: Denied.

35. Despite Defendants' knowledge that the display of the Photograph on the Website was an unauthorized reproduction, display, and distribution of the Photograph, Defendants each induced, caused, and materially contributed to the direct copyright infringements, making them contributorily liable for the other Defendants' infringements.

**ANSWER**: Denied.

36. As Defendants knew of their possession of specific infringing material but failed to purge such material, Defendants each contributed to the direct infringement by the other Defendants, making them contributorily liable for the infringements.

**ANSWER**: Denied.

37. As Defendants Ferguson and Scott had both the legal right and ability to stop and gained a direct financial benefit from the unauthorized reproduction, display, and distribution of the Photograph, they are each vicariously liable for the infringements of the Photograph.

**ANSWER**:  Admit that Ferguson and Scott have the right and ability to supervise LJI's operations, and that each of them currently have a financial interest in LJI. Denied as to the remaining allegations.

### SECOND CAUSE OF ACTION
### Digital Millennium Copyright Act Violations - 17 U.S.C. §§ 1201 *et seq*.

38.  Reilly re-alleges and incorporates by reference paragraphs l through 28 above.

**ANSWER**:  Defendants realleges and incorporate their responses to Paragraphs 1-28.

39.  The Watermark and the Attributions constitute copyright management information pursuant to 17 U.S.C. § 1202(c)(l), (2), (3), (6), and (7).

**ANSWER**:  Without knowledge and therefore denied.

40.  Upon information and belief, the Defendants, without the authority of Reilly or the law, intentionally removed the copyright notices and distributed the Photograph, knowing that the copyright notices had been removed or altered, knowing or having reasonable grounds to know that such removal or alteration would induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

**ANSWER**:  Denied.

41.  As a direct and proximate result of the Defendants' wrongful conduct, Reilly has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

**ANSWER**:  Denied.

42.  Specifically, Reilly is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2).

**ANSWER**:  Denied.

43. In the alternative, Reilly is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and. attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4-5) for each violative act by the Defendants.

**ANSWER**: Denied.

44. Despite Defendants' knowledge that the infringements were unauthorized reproductions, displays, and distributions of the Photograph, each of the Defendants induced, caused, and materially contributed to the continued violations of 17 U. S.C. § 1202(b ), making the Defendants contributorily liable for those violations.

**ANSWER**: Denied.

45. As Defendants had both the legal right and the ability to stop and gained a direct financial benefit from the continued violations of 17 U.S.C. § 1202(b), the Defendants are vicariously liable for those violations.

**ANSWER**: Admit that Ferguson and Scott have the right and ability to supervise LJI's operations, and that each of them currently have a financial interest in LJI. Denied as to the remaining allegations.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 28, 2017, a true and correct copy of the foregoing has been electronically filed with the Clerk using the CM/ECF system which will provide electronic service to the parties on the Service List below.

/s/ Zachary D. Messa
**Zachary D. Messa, Esquire**
Florida Bar No. 513601
**JOHNSON POPE BOKOR RUPPEL & BURNS, LLP**
911 Chestnut Street
Clearwater, Florida 33756

(727) 461-1818
Fax (727) 462-0965
Email: zacharym@jpfirm.com

And

James Dale Gibson, Esq.
Gibson, Kohl, Wolff & Rhic, PL
400 Burns Court
Sarasota, FL 34236
(941) 362-8880
Fax: (941) 362-8881
Email: legaljimws1@comcast.net

Attorneys for Defendants
ADRIAN L. FERGUSON, JR.;
CHARLES T. SCOTT, and
LEGENDARY JOURNEYS, INC.

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CASE NO. 8:17-CV-01524**

**SERVICE LIST**

Stephen D. Milbrath, Esq.
Juan C. Real, Esq.
Byrd Campbell, P.A.
180 N. Park Avenue, Suite 2A
Winter Park, FL 32789-7401
Office: 407-392-2285
Fax: 407-392-2286
Email: SMilbrath@ByrdCampbell.com

Evan A. Andersen, Esq.
Evan Andersen Law, LLC
P.O. Box 260147
Atlanta, GA 31126
404/496-6606
Fax: 404/400-1305
Email: evan@pixeliplaw.com